CONSOLIDATED PETROLEUM CORPORATION *vs.* ROBERT E. GOLOSOV. November 29, 1982. Consolidated Petroleum Corporation (Consolidated) hired Golosov to act as a broker to secure financing for an oil drilling rig. Golosov subsequently contacted International Paper Credit Corporation (IPCC). IPCC proposed a loan in the form of a lease agreement. Contemporaneously with the letter of proposal from IPCC, Consolidated and Golosov entered into an agreement under which Consolidated paid a commission of $13,500 to Golosov which was to be returned, "[i]f, for any reason, [IPCC] does not grant a loan or loans to us . . . ." There was also a provision in the agreement which caused the commission to be earned should Consolidated "refuse to complete the proposed loan after accepting the commitment of [IPCC] . . . ." IPCC, in its letter of proposal, expressly reserved the right to "decline[] the transaction." It did so decline when the president of IPCC refused to approve the loan. It follows that the provisions requiring the return of the commission apply and that the judgment in the amount of the broker's commission to Consolidated, with statutory costs and interest, was correct. The defendant Golosov raised the issues of fraud and bad faith with respect to Consolidated's nondisclosure of certain information, which had not been requested. The trial judge found that the nondisclosure by Consolidated's president of his prior personal bankruptcy and of a divorce was not fraudulent and concluded that it did not provide the defendant with a defense to the plaintiff's action. The record does not provide a basis upon which to reverse that finding or to substitute a finding of bad faith on the part of the plaintiff's president acting on behalf of the plaintiff corporation. See *Creed* v. *Apog,* 6 Mass. App. Ct. 365, 374-375 (1978).

*Judgment affirmed.*

*Arthur H. Goldsmith* for the defendant.
*Peter J. Gagne* for the plaintiff.